UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINE LAVELLE SIMMONS, | |
| Plaintiff, | Civil Action No. 16-8916 (MAS) (DEA) |
| v. | **MEMORANDUM AND ORDER** |
| STEVE JOHNSON, et al., | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, it appearing:

1. Except for the claim addressed below, the Court permits all other claims to proceed past screening.

2. However, in one of his claims, Plaintiff asserts that his constitutional rights have been violated when prison officials denied him access to an internet kiosk that was allegedly available for inmate use. (Compl. 9, ECF No. 1.) Plaintiff also alleges that prison officials violated the Equal Protection Clause of the Constitution because they allowed one single inmate access to the kiosk every day to the exclusion of all other inmates. (*Id.*) To the extent Plaintiff argues that his substantive constitutional right was violated, he fails to state a claim upon which relief may be granted. The Court can find no case law, and Plaintiff cites no case law for the proposition that inmates have a *constitutional* right to internet access. Indeed, given that not all prisons are

1

equipped with internet kiosks, it would be absurd to argue that all of those prisons are presently violating inmates' constitutional rights.

3. As for Plaintiff's equal protection argument, it also fails to state a claim upon which relief may be granted. To state an equal protection claim, Plaintiff must allege that either he was a member of a protected class under the Constitution, or that he has been deliberately singled out for disparate treatment without any rational basis, i.e. a class-of-one claim. *See Keslosky v. Borough of Old Forge*, 66 F. Supp. 3d 592, 614 (M.D. Pa. 2014) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) & *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Since Plaintiff alleges that just one single individual was receiving allegedly preferential treatment, the Court need not explain why Plaintiff was not a member of any protected class—the "rest of the world" is not a protected class that has been recognized by the Supreme Court.

4. Plaintiff also does not state a valid class-of-one claim, because there is no allegation that *he* has been singled out for disparate treatment. Instead, Plaintiff's allegations amount to some sort of "reverse" class-of-one claim, whereby he asserts that because one individual, to the exclusion of all others, had received preferential treatment, that was a violation of equal protection. Under Plaintiff's theory, anytime any prisoner is treated even remotely better than other prisoners, there would be an equal protection violation. The Court can find no case law supporting such a perverse argument. *See Cox v. Cache Cty.*, 18 F. Supp. 3d 1251, 1265 (D. Utah 2014) ("Plaintiffs allege that by appointing Martin as county bee inspector, the Counties have arbitrarily and unreasonably favored Martin to the exclusion and detriment of all other commercial beekeepers in the Counties. The court agrees with Defendants that this portion of Plaintiffs' claim appears to be an invented reverse class-of-one claim because Plaintiffs allege, in essence, that Martin is the class-

of-one. No such type of claim exists."). As such, the Court dismisses Plaintiff's internet kiosk claim with prejudice.[1]

**IT IS** therefore on this 23rd day of January, 2017,

**ORDERED** that Plaintiff's claim regarding the denial of access to the internet kiosk is hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that the balance of the complaint is permitted to proceed past 28 U.S.C. § 1915 screening;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[2];

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A);

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a)

---

[1] The Court dismisses the claim with prejudice because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

[2] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

3

and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[3]

*/s/ Michael A. Shipp*

**Michael A. Shipp**
**United States District Judge**

---

[3] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

4