UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTOINE LAVELLE SIMMONS, | : | |
| | : | Civil Action No. 16-8916 (MAS) (DEA) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM ORDER** |
| STEVE JOHNSON, et al., | : | |
| Defendants. | : | |

**IT APPEARING THAT:**

1. On June 3, 2020, Defendants in this matter filed a motion for summary judgment in this prisoner civil rights matter. (ECF No. 40.)

2. Plaintiff thereafter filed several letters indicating that he was unable to respond to the motion as the prison in which he is currently detained would not permit him to access his legal materials in the form of "legal CDs." (ECF Nos. 41-43.)

3. On January 7, 2021, this Court entered an order which administratively terminated the summary judgment motion and permitted Plaintiff to file opposition to the motion within forty-five days. (ECF No. 44.) The order also directed the warden of the facility in which Plaintiff is detained "to the extent the materials do not present a security concern" to give Plaintiff "access to the 'legal CDs' he requires to respond" to Defendants' motion. (*Id*.)

4. Plaintiff did not file a response within the allotted time. Instead, he chose to file two motions requesting that this Court enter an additional order directing the facility in which he is housed to provide him access to those same CDs as well as a tablet device which Plaintiff refers to as a "JPS Player" so that he can review his legal materials and file a proper response to Defendants' summary judgment motion. (ECF Nos. 45-46.) Plaintiff contends that the facility

will not permit him access to the CDs or tablet without an order from this Court. (ECF No. 45.) According to Plaintiff, access to these devices is necessary as a corrections officer at the facility in which he is detained in Arizona destroyed his legal papers by dousing them in a foul-smelling liquid while Plaintiff was undergoing a seizure in January 2021, and he therefore no longer has access to the necessary materials. (ECF No. 45 at 1-2; ECF No. 45-1 at 1.) Plaintiff has provided the court with copies of the inmate grievances regarding this incident he filed in the Arizona facility in support of these allegations. (ECF No. 45-1.)

     5. Defendants did not file opposition to Plaintiff's motions. (ECF Docket Sheet.)

     6. Based on Plaintiff's allegations, this Court finds good cause to provide Plaintiff with a final extension of time within which to file his response to Defendants' temporarily terminated motion for summary judgment. This Court likewise finds good cause to once again direct that, to the extent that they do not amount to a security threat, Plaintiff be permitted to access his legal CDs and the JPS Player tablet device for the purposes of preparing his response to Defendants' motion.

     **IT IS** therefore on this ___5th___ day of ___April___, 2021,

     **ORDERED** that Plaintiff's motions (ECF Nos. 45, 46) seeking an extension of time within which to file his response to Defendants' summary judgment are **GRANTED**;

     **ORDERED** that Plaintiff shall file his response to Defendants' motion within forty-five (45) days of the date of this Order;

     **ORDERED** that, to the extent they do not present a security concern, Plaintiff shall be given access to the "legal CDs" and "JPS Player" he requires to respond to Defendants' motion;

     **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon the Warden of Plaintiff's place of incarceration, Walter Hensley, at the following address:

Warden Walter Hensley
ASPC – Eyman
PO BOX 3500
Florence, AZ 85132

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**